## Case No. 2,938.

CODWISE et al. v. GLEASON et al.

[Brunner, Col. Cas. 33;[1] 3 Day, 3.]

Circuit Court, D. Connecticut. Sept., 1807.

JURISDICTION—CITIZENSHIP ESSENTIAL TO.

An action in favor of the indorsee of a promissory note, a citizen of one state, against the indorsor, a citizen of a different state, may be brought before the circuit court of the United States though the maker and payee of such note are citizens of the same state.

In the writ the plaintiffs [George Codwise, Jr., Peter Ludlow, and James Codwise] were described as being "all of the city and county of New York, in the state of New York, and citizens of said state of New York, late (viz., on or about the 1st of March, 1796, and for a long time before and since) merchants in company;" and the defendants [Chauncey Gleason, Elijah Cowles, Jonathan Cowles, Gad Cowles, Seth Cowles, and Martin Cowles] as being "all citizens of the state of Connecticut, resident in said state," and as being "lately, viz., on or about the

---

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

1st day of March, 1796, and for a long time before and since, merchants in company," etc. The declaration alleged "that on or about said 1st day of March, 1796, the defendan'ts possessed a certain paper writing, purporting to be a promissory note, payable to them, the defendants, by one Erastus Gay, in the words and figures following, viz: 'On the 1st day of October next I promise to pay Gleason & Cowles, or order, at the Hartford Bank, nine hundred and forty-five dollars, value received, in the city of said Hartford, this 14th day of November, 1795. $945. Erastus Gay.' And afterwards, viz., on or about the said 1st day of March, 1796, the defendants (being so possessed of such paper writing, and the said sum of nine hundred and forty-five dollars being unpaid), did by their indorsement, by them made on said paper writing, by their said firm of Gleason & Cowles, order and appoint the contents of the said paper writing (being the said sum of nine hundred and forty-five dollars), to be paid to the plaintiffs, for value received, according to the tenor of said paper writing, by their indorsement thereon signed with their said names."

The plaintiffs then averred "that on the 1st day of October, 1796, and also on the 3d day of the same month of October, at the uttermost convenient time of said days, at said Hartford, they showed and exhibited said paper writing and indorsement at said Hartford Bank (being the place where said note was payable as aforesaid), and then and there, on said both days, demanded payment of the aforesaid sum of nine hundred and forty-five dollars, according to the tenor of said paper writing, and the indorsement thereon; but said Erastus Gay neglected to pay the same; and neither the same nor any part thereof hath ever been in any way paid, and said Erastus hath ever refused and still refuses to pay the same. Whereupon the plaintiffs, on the 4th day of October, 1796, gave notice of the premises to the defendants, and required of them payment of the said sum of nine hundred and forty-five dollars, mentioned in said paper writing; and afterwards, viz., on the 31st day of October, 1796, the plaintiffs caused an action to be commenced on said paper writing, in the name of the said Chauncey, Elijah, Jonathan, Gad, Seth, and Martin, against the said Erastus Gay, by writ of that date returnable to the city court, holden within and for the city of Hartford, in the county of Hartford, on the second Tuesday of December, 1796; and said writ was duly served and returned to said city court. And in the declaration in said action it was and is alleged that the said paper writing was a promissory note, under the hand of the said Erastus, by him well executed, within the limits of said city of Hartford, and that thereby the said Erastus promised the said Chauncey, Elijah, Jonathan, Gad, Seth, and Martin, by their said name of Gleason & Cowles, for value received, to pay to them at the said Hartford Bank (which then was and is in said city of Hartford), the said sum of nine hundred and forty-five dollars, on the 1st day of October next after the date of said writing; and that the said Erastus had never in any way performed the said promise. And such proceedings were had in the said action, that the same, by divers legal removes, came regularly before the superior court holden at Hartford, within and for the county of Hartford, on the second Tuesday of February, 1797, when and where said parties to said action appeared therein before said court, and the said Erastus pleaded thereto, that he did not assume and promise in manner and form, as in said declaration was alleged; on which plea issue was then and there joined, and said action, by legal continuances, came before the superior court holden at Hartford, on the third Tuesday of February, 1803, when and where the said parties to said action appeared therein before said court, and with their evidence and exhibits and by their counsel, were fully heard before said court and the jury attending said court, on the issue joined in said action, which issue being then and there by said court committed to said jury, said jury found a verdict thereon that the said Erastus did not assume and promise, in manner and form, as in said declaration was alleged, which verdict was then and there returned to and accepted by said court; and thereupon it was, by said court, at their said term, considered and adjudged that the said Erastus did not assume and promise, in manner and form as the plaintiffs had alleged, and that he should recover of the said Chauncey, Elijah, Jonathan, Gad, Seth, and Martin his costs of said suit, allowed and taxed at sixty-two dollars and ten cents, as by the files and records of said court, ready in court to be produced, appears; and in prosecuting said suit, the said Codwise, Ludlow & Co. incurred great charges and expenses, amounting to the sum of two hundred dollars, of which the defendants aforesaid, viz., on the 1st day of March, 1803, had notice." The plaintiffs further stated "that the said Erastus Gay never did, in and by the aforesaid paper writing (purporting to be a promissory note as aforesaid), assume and promise, for value received, to pay to them, the said Chauncey, Elijah, Jonathan, Gad, Seth, and Martin, the sum of nine hundred and forty-five dollars therein mentioned, nor any part thereof; and said paper writing never was the promissory note of said Erastus. But the plaintiffs received said paper writing as indorsees thereof as aforesaid; and paid therefor the full amount of the said sum of nine hundred and forty-five dollars as aforesaid, believing it to have been the promissory note of him the said Erastus, and believing that the said Erastus, in and by said paper writing, as-

sumed and promised, for value received, to pay to the said Chauncey, Elijah, Jonathan, Gad, Seth, and Martin, the said sum of nine hundred and forty-five dollars, according to the tenor of said paper writing, and the defendants indorsed and assigned the same as aforesaid, as and for a good and valid promissory note, payable to them by the said Erastus according to the tenor thereof. And by means of the premises the defendants became liable to pay to the plaintiffs the aforesaid sum of nine hundred and forty-five dollars (specified in said paper writing), and the lawful interest thereon from and after the said 1st day of October, 1796, and also the aforesaid charges and expense of prosecuting the aforesaid suit against the said Erastus Gay; and being so liable the defendants, in consideration thereof, afterwards, viz., on or about the 1st day of March, 1803, at said Hartford, upon themselves assumed, and to the plaintiffs promised to pay to them the said sum of nine hundred and forty-five dollars, and said interest thereon, and the aforesaid charges and expense, within a reasonable time afterwards, when they should be thereto required. But the defendants, and each of them, their assumption and promise aforesaid not regarding, have never paid to the plaintiffs or either of them the aforesaid sum of nine hundred and forty-five dollars, and the interest thereon, and said charges and expense, or any part thereof, though they have been often by the plaintiffs thereto required, and though a reasonable time for that purpose hath long since elapsed." The damages were laid at three thousand dollars.

The defendants pleaded in abatement that Erastus Gay, named in the plaintiff's declaration, who made and executed the note on which, etc., was at the time he executed said note, and ever since has been, an inhabitant of Farmington, in the district of Connecticut, and the note was executed at Hartford in said district; and that said Gleason & Cowles, the defendants to whom said note was made payable, were at the time of making said note, and ever since have been, inhabitants of said district of Connecticut and there residing; and at the time of indorsing their names on the back of said note, the defendants were, and ever since have been, inhabitants of said district of Connecticut, and there residing; and that the defendants indorsed their names on said note at said Hartford, and there delivered said note to Peleg Sanford, then of said Hartford, since deceased, and thereby assigned said note to said Sanford. The plea concluded by alleging that this court had not jurisdiction of this action, and praying judgment that it should be dismissed.

To this plea there was a demurrer and joinder in demurrer.

Goodrich & Griswold, in support of the plea, relied upon the following clause of the 11th section of the act to establish the judicial courts of the United States: "Nor shall any district or circuit court have cognizance of any suit to recover the contents of any promissory note, or other chose in action in favor of an assignee, unless a suit might have been prosecuted in such court to recover the said contents if no assignment had been made, except in cases of foreign bills of exchange." 1 Stat. (Swift's Ed.) pp. 55, 56. It appears from the declaration that the note which is the foundation of this suit was made in Connecticut, and that the maker and payees belonged to Connecticut. If this note had not been assigned, it is clear that no suit could have been brought to recover its contents before this court. The restrictive clause of the act, therefore, is applicable to this case, and is decisive against the jurisdiction.

Daggett and E. Perkins, contra.

The plaintiffs in this case are citizens of New York, the defendants of Connecticut. This court has jurisdiction unless the defendants can bring their case within the restrictive clause of the 11th section of the judiciary act. The limitation of the general jurisdiction of the court is to be construed strictly. But that clause is not applicable, either in its letter or spirit, to this case. The suit is not brought to recover the contents of any promissory note or other chose in action. In the first place the declaration states expressly that the writing in question never was the promissory note of Erastus Gay. It, indeed, purported to be, but in truth was not.

EDWARDS, District Judge. The consideration that the note is stated not to have been a valid one, will not have much weight with the court. In the next place, if the note had been genuine and valid, still this suit might be sustained in this court. The defendants, by the assignment, entered into a new contract with the plaintiffs for the breach of which the present action is brought, not for the non-payment of the note by the maker. The contract between the maker and payee, and that between the indorsor and indorsee, are distinct and essentially different. To the latter the restrictive clause of the act does not extend. The reason of the law is that where a man enters into a contract of which this court has not jurisdiction, he shall not afterwards be subjected to its jurisdiction on account of such contract, by the acts of other persons. But this reason is applicable only to the case of the maker. But it may be said that if the plaintiffs recover in this case the rule of damages will be the contents of the note. Admitting this, it does not follow that this case is within the restrictive clause. It is surely too much to say that the clause extends to every case where the plaintiff, if he

prevails, will recover the same amount with the contents of the note. Suppose a note executed by A. to B., both citizens of Connecticut. C., a citizen of Massachusetts, enters into a contract with A. by the terms of which he is to pay and take up A.'s note. It will not be contended that the clause in question would deprive the circuit court of jurisdiction over this contract; and yet if C. were to sue upon it and recover, the rule of damages would be the contents of A.'s note. Or, suppose C. in the case put should tortiously take the note from B., and B. should bring trover for it and recover; the rule of damages would be the amount of the note, but might not the circuit court have jurisdiction? But we deny that the rule of damages in the case before the court will be the contents of the note merely. The rule of damages will be the damages sustained by the breach of the contract implied by the indorsement, which may include the expenses of protest, of a suit against the maker, etc. At any rate the damages are not necessarily the precise amount of the note, which is sufficient for our purpose.

2. The averments in the plea are insufficient. It is not alleged that the original parties to the note were not citizens of different states. If they were citizens of different states, then a suit might have been prosecuted in this court before any assignment was made, and of course the statute has no bearing upon this case. Again, the plea is defective, as it does not show what court has jurisdiction.

EDWARDS, District Judge. I have no doubt as to the jurisdiction of the court in this case; but I am not prepared to give a formal opinion on a point of this importance, at this time. My opinion will be that the plea in abatement is insufficient. It appears to me that the argument in favor of the jurisdiction is irresistible.

On a subsequent day his honor delivered an elaborate opinion on this point, but the reporter heard only a part of it, and was not at that time in a situation which admitted of his taking any minutes.

The case was afterwards continued to the next term for trial on the merits.